**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **WILLIE L. RICHARDSON, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-11693** |
| **BP EXPLORATION AND PRODUCTION, INC., ET AL.** | **SECTION "B"(5)** |

## ORDER AND REASONS

Considering plaintiff's motion to continue (Rec. Doc. 29), defendants' opposition memorandum (Rec. Doc. 31), and defendants' motion for summary judgment (Rec. Doc. 26),

**IT IS ORDERED** that plaintiff's motion to continue (Rec. Doc. 29) is **GRANTED IN PART,** only to continue the pre-trial conference and trial, and to allow extensions to submit expert reports. Plaintiff shall have until **Friday, June 24, 2022** to submit an expert report **and within twenty days after receipt of that report** to file a response to defendant's summary judgment motion. Defendants shall have until **Monday, July 25, 2022** to submit their expert report.

**IT IS FURTHER ORDERED** that in lieu of the upcoming pre-trial conference, the parties in the above-captioned matter shall attend a telephonic status conference on **Thursday, April 28, 2022 at 10:00 a.m.** Parties shall call in for the conference using the phone number (888) 684-8852 and access code 8374480.

Given plaintiff's meaningful efforts to find a willing and qualified expert, and at least one other similar case involving

1

the named attorneys in this matter where the plaintiff has until June to submit an expert report, we err on the side of caution and the promotion of perhaps extraordinary fairness in permitting the last allowable extension for noted purposes. *See, e.g.*, *Graham v. BP Expl. & Prod., Inc.*, No. 19-11673 (E.D. La. July 15, 2019), ECF Nos. 22, 26-2.

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Accordingly, plaintiff here must show that his expert witness reports and materials deadline cannot be met despite his diligence, and that withdrawal of his lead attorney is good cause for the noted extension. *See S&W Enters. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003).

Plaintiff argues that he needs additional time to submit an expert report because plaintiff's lead counsel withdrew from representing plaintiff and plaintiff's current counsel "will need additional time to be brought up to speed in this matter" and "to locate and hire a new testifying expert as the previous expert was disqualified in another matter and another expert in a companion case has withdrawn his testimony." Rec. Doc. 29-1 at 1. Defendants note that "[p]laintiff's current counsel, Mr. Lindsay, "has been counsel of record since the inception of this case." Rec. Doc. 31 at 2. They add that another extension of the expert report deadline would be fruitless because "over a month after plaintiff's extended

2

deadline, plaintiff has still not submitted any expert report in this case." *Id.* at 3.

While plaintiff's claims have been pending for several years, the parties' efforts on both sides have been conducted to advance this case. Developments on the admissibility of certain expert reports in B3 toxic tort cases, and other circumstances noted above, became unavoidable challenges. *See, e.g., In re Deepwater Horizon BELO Cases*, No. 20-14544, 2022 WL 104243, at *2-3 (11th Cir. Jan. 11, 2022). Those developments do not appear to be the fault of any counsel of record or their respective clients.

Moreover, this Court granted the motion of plaintiff's lead counsel to withdraw as counsel of record on April 11, 2022. Rec. Doc. 28. Plaintiff's other counsel, Allen W. Lindsay, has been plaintiff's counsel of record since plaintiff filed his complaint in 2019. The Court has also granted plaintiff's motion to enroll additional counsel on April 18, 2022. *See* Rec. Docs. 1, 32. Plaintiff's new counsel will be allowed time to assist plaintiff in obtaining a new expert. *See United States v. Swenson*, 894 F.3d 677, 679 (5th Cir. 2018) (acknowledging that defendant was granted a continuance because defendant's counsel was "new to the case"); *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (recognizing that a request for a continuance to secure new counsel does not inherently show "clear evidence of delay" warranting dismissal). We therefore err on the side of caution and find a minimal showing

3

of a limited extension to obtain an expert and respond to a related pending dispositive motion.

New Orleans, Louisiana this 25th day of April, 2022

_____
SENIOR UNITED STATES DISTRICT JUDGE