UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**WILLIE L. RICHARDSON, JR.**                     **CIVIL ACTION**

**VERSUS**                                        **NO. 19-11693**

**BP EXPLORATION AND PRODUCTION, INC., ET AL.**   **SECTION "B"(5)**

ORDER AND REASONS

Before the Court is defendants BP Exploration & Production, Inc., BP America Production Company, and BP p.l.c.'s motion for summary judgment (Rec. Doc. 26), which remains unopposed.

For the reasons discussed below,

**IT IS ORDERED** that defendants' motion is **GRANTED**.

I.   **FACTS AND PROCEDURAL HISTORY**

The instant action is a "B3" case arising out of the 2010 Deepwater Horizon oil spill in the Gulf of Mexico. *See* Rec. Doc. 1. B3 cases involve "claims for personal injury and wrongful death due to exposure to oil and/or other chemicals used during the oil spill response (e.g., dispersant)." *In re Oil Spill by Oil Rig "Deepwater Horizon" in Gulf of Mexico, on April 20, 2010*, MDL No. 2179, 2021 WL 6053613, at *9 (E.D. La. Apr. 1, 2021). Plaintiff's case was originally part of the multidistrict litigation ("MDL") pending before Judge Carl J. Barbier. *See* Rec. Doc. 26-2 at 1-2. During the MDL proceedings, Judge Barbier approved the Deepwater Horizon Medical Benefits Class Action Settlement Agreement, which included a Back-End Litigation Option ("BELO") permitting certain

1

class members to sue BP for later-manifested physical conditions. *In re Oil Spill*, 2021 WL 6053613, at *2. The B3 plaintiffs, by contrast, either opted out of the class action settlement agreement or were excluded from its class definition. *Id.* at 10 n.3.

Plaintiff Willie Richardson, Jr. was a member of the class covered by the Medical Settlement, but opted out of it. Rec. Doc. 26-2 at 2; Rec. Doc. 1-2 at 3, 8. Plaintiff filed suit against BP Exploration & Production, Inc., BP America Production Company, and BP p.l.c. on July 15, 2019, alleging negligence, gross negligence, negligence per se, battery, and a Louisiana Medical Monitoring claim. Rec. Doc. 1 at 12-17. Specifically, plaintiff alleges he was injured due to exposure to oil, dispersants, and/or other hazardous chemicals while employed by Plant Performance Services, LLC as a clean-up worker from June to July 2010. Rec. Doc. 1 at 2. As a result of his exposure, plaintiff alleges that he suffered the following injuries: "numbness from his knees to feet, headaches, severe sinus problems, loss of appetite, redness of the eyes, constant tearing, chronic cough, nosebleeds, constant sore throat, erectile dysfunction, diarrhea, back, joint, and muscle pain, seizures, moodiness, nervousness, rashes, and itching of skin." *Id.*

To date, plaintiff has produced no expert report to prove causation exists between his exposure and the injuries he alleges. Originally, plaintiff's expert report was due on January 28, 2022.

Rec. Doc. 20 at 2. The Court granted plaintiff's motion to extend expert report deadlines on March 8, 2002, extending the prior deadline to March 15, 2022. Rec. Docs. 22, 25. Defendants then filed the instant motion for summary judgment on March 16, 2022. Rec. Doc. 26.

On April 11, 2022, plaintiff filed a motion to continue, which the Court granted in part on April 25, 2022. Rec. Docs. 29, 33. In its Order, the Court directed plaintiff to submit an expert report by June 24, 2022, and subsequently, to submit a response to defendants' motion for summary judgment no later than twenty days after receipt of that expert report. Rec. Doc. 33. Even if plaintiff only received his expert report on June 24, 2022, the last day he could have timely filed a response to defendants' motion for summary judgment was July 14, 2022. *See id.*

**II.  LAW AND ANALYSIS**

  **A.  Summary Judgment Standard**

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). *See also TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002). A

3

genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court should view all facts and evidence in the light most favorable to the non-moving party. *United Fire & Cas. Co. v. Hixson Bros. Inc.*, 453 F.3d 283, 285 (5th Cir. 2006). Mere conclusory allegations are insufficient to defeat summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).

The movant must point to "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. If and when the movant carries this burden, the non-movant must then go beyond the pleadings and present other evidence to establish a genuine issue. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). However, "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). "This court will not assume in the absence of any proof that the nonmoving party could or would prove the necessary facts, and will grant summary judgment in any case

4

where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the [non-movant]." *McCarty v. Hillstone Rest. Grp.*, 864 F.3d 354, 358 (5th Cir. 2017).

### B. Abscence of Genuine Issue of Material Fact

"B3 plaintiffs must prove that the legal cause of the claimed injury or illness is exposure to oil or other chemicals used during the response." *In re Oil Spill*, 2021 WL 6053613, at *11. The district court must determine: (1) whether there is general causation and (2) if it concludes there is admissible general-causation evidence, whether there is specific-causation evidence. *Seaman v. Seacor Marine L.L.C.*, 326 F. App'x 721, 723 (5th Cir. 2009) (citing *Knight v. Kirby Inland Marine, Inc.*, 482 F.3d 347, 351 (5th Cir. 2007)); *see also In re Deepwater Horizon BELO Cases*, No. 20-14544, 2022 WL 104243, at *2 (11th Cir. Jan. 11, 2022) ("In a toxic-tort case like this one, a plaintiff must establish both general and specific causation through admissible, reliable expert testimony."); *In re Oil Spill*, 2021 WL 6053613, at *11 (finding the "BELO cases and the B3 cases are similar in several important respects," including that "causation is a critical element").

General causation is whether a substance can cause a particular injury or condition in the general population, while specific causation is whether a substance causes a particular individual's injury. *Seaman*, 326 F. App'x at 723. With respect to general causation, "[s]cientific knowledge of the harmful level of

5

exposure to a chemical, plus knowledge that the plaintiff was exposed to such quantities, are minimal facts necessary to sustain the plaintiff's burden in a toxic tort case." *Id.*

Here, plaintiff has failed to produce expert testimony establishing general causation, which is required by the Fifth Circuit in toxic tort cases. *See Seaman*, 326 F. App'x at 729 ("[W]ithout admissible expert evidence in this toxic-tort case, [the plaintiff] cannot prove causation."). Plaintiff has not provided an expert report or response to defendants' motion for summary judgment.[1] The deadline to produce an expert report was June 24, 2022 and the deadline to respond to the instant motion was, at the latest, July 14, 2022. *See* Rec. Doc. 33. Without expert testimony on general causation, plaintiff has failed to present a genuine issue of material fact with respect to his claims that alleged injuries were caused by exposure to toxins and oil dispersants.[2]

---

[1] On July 25, 2022, plaintiff filed a witness list, naming Dr. Jerald Cook as an "[e]xpert witness regarding causation." Rec. Doc. 40. Nevertheless, plaintiff has not produced any evidence, such as an expert report from Dr. Jerald Cook, which establishes general causation. Moreover, in other similar cases, many Fifth Circuit district courts have excluded Dr. Cook's testimony as "unreliable, unhelpful, and incapable of establishing general causation." *See, e.g.*, *Peairs v. BP Expl. & Prod., Inc.*, No. 17-3596, 2022 WL 2817852, at *7 (E.D. La. July 19, 2022); *Harris v. BP Expl. & Prod., Inc.*, No. 17-4342, 2022 WL 2789037, at *7 (E.D. La. July 15, 2022); *Coleman v. BP Expl. & Prod., Inc.*, No. 17-4158, 2022 WL 2314400, at *7 (E.D. La. June 28, 2022); *Grant v. BP Expl. & Prod., Inc.*, No. 17-4334, 2022 WL 2467682, at *7 (E.D. La. July 6, 2022).

[2] As plaintiff presents no general causation evidence, specific-causation has not been implicated. *See Seaman*, 326 F. App'x at 723 (citing *Knight*, 482 F.3d at 351).

6

New Orleans, Louisiana this 26th day of July, 2022

_____
SENIOR UNITED STATES DISTRICT JUDGE